| Filing Date 09/10/2010 | Style of Case BANK OF DAWSON FIRST STATE BANK AMERICUS BANK OF TE | Case Number 10-CV-0168 |
|---|---|---|

Cause of Action
COMPLAINT

Judge

| Principal | $0.00 | Type of Case | General Civil | Disposition |
|---|---|---|---|---|
| Filing Fees | $205.00 | Case Status | Opened | Date |
| Additional Fees | $0.00 | Case Types | TORT | |
| Interest | $0.00 | Counter Claim | | Stage |
| Attorney Fees | $0.00 | Original Judgment # | | |
| Fifa Fees | $0.00 | Initiation Form Filed | | Code |
| Plus, | | Disposition Form Filed | | |
| Totals: | $205.00 | | | |

| Recent Activity Schedule | Dismissed | Verdict | |
|---|---|---|---|
| Calendar Call | Prejudice | Verdict For | |
| Motion | Settled | Judgment | |
| Hearing | Interlocutory | Judgment Amount | $0.00 |
| Pretrial | Final Decree | Judgment County | |
| Trial | GED | Judgment Court | |

| Type | Party Name(s) and Addresses | Pro Se | Served | Type Service | Answered |
|---|---|---|---|---|---|
| P | BANK OF DAWSON | | | | |
| D | AERO SPACE REPORTS INC | | | | |

| Schedule Date | Case Activity |
|---|---|
| | |

| Proceeding Date | Case Activity |
|---|---|
| 09/10/2010 | SUMMONS |
| 09/10/2010 | SUMMONS |
| 09/10/2010 | SUMMONS |
| 09/10/2010 | COMPLAINT |
| 09/10/2010 | NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS |
| 09/10/2010 | WAIVER OF SERVICE OF SUMMONS |
| 09/10/2010 | NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS |
| 09/10/2010 | WAIVER OF SERVICE OF SUMMONS |
| 09/10/2010 | NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS |
| 09/10/2010 | WAIVER OF SERVICE OF SUMMONS |
| 09/10/2010 | NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS |
| 09/10/2010 | WAIVER OF SERVICE OF SUMMONS |
| 09/10/2010 | PLAINTIFFS FIRST SET OF INTERROGATORIES TO DEFENDANT KELLIE PRICE |
| 09/10/2010 | PLAINTIFFS FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT KELLIE PRICE |
| 09/10/2010 | PLAINTIFFS FIRST SET OF INTERROGATORIES TO DEFENDANT AERO-SPACE REPORTS INC |
| 09/10/2010 | PLAINTIFFS FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT AERO SPACE REPORTS INC |
| 10/07/2010 | ACKNOWLEDGMENT OF SERVICE OF PROCESS |
| 10/19/2010 | WAIVER OF SERVICE OF SUMMONS |

# General Civil Case Filing Information Form (Non-Domestic)

**Court**
☒ Superior
☐ State

**County** Terrell

**Date Filed** 09-10-2010
MM-DD-YYYY

**Docket #** 10-CV-1108

**Plaintiff(s)**

Bank of Dawson

| Last | First | Middle I. Suffix Prefix | Maiden |
|------|-------|------------------------|--------|

First State Bank — Americus

| Last | First | Middle I. Suffix Prefix | Maiden |
|------|-------|------------------------|--------|

Bank of Terrell

| Last | First | Middle I. Suffix Prefix | Maiden |
|------|-------|------------------------|--------|

| Last | First | Middle I. Suffix Prefix | Maiden |
|------|-------|------------------------|--------|

**No. of Plaintiffs** 3

**Defendant(s)**

Aero-Space Reports, Inc.

| Last | First | Middle I. Suffix Prefix | Maiden |
|------|-------|------------------------|--------|

Price, Kellie

| Last | First | Middle I. Suffix Prefix | Maiden |
|------|-------|------------------------|--------|

Hall, Sid

| Last | First | Middle I. Suffix Prefix | Maiden |
|------|-------|------------------------|--------|

| Last | First | Middle I. Suffix Prefix | Maiden |
|------|-------|------------------------|--------|

**No. of Defendants** 3

**Plaintiff/Petitioner's Attorney** ☐ Pro Se

Calhoun, William W.

| Last | First | Middle I. | Suffix |
|------|-------|-----------|--------|

**Bar #** 103920

Durham, Joseph P., Jr.
Bar #235524

---

## Check Primary Type (Check only ONE)

☐ Contract/Account

☐ Wills/Estate

☐ Real Property

☐ Dispossessory/Distress

☐ Personal Property

☐ Equity

☐ Habeas Corpus

☐ Appeals, Reviews

☐ Post Judgment Garnishment, Attachment, or Other Relief

☐ Non-Domestic Contempt

☒ Tort (If tort, fill in right column)

☐ Other General Civil Specify _____

---

## If Tort is Case Type:
### (Check no more than TWO)

☐ Auto Accident

☐ Premises Liability

☐ Medical Malpractice

☐ Other Professional Negligence

☐ Product Liability

☒ Other Specify Misrepresentation

**Are Punitive Damages Pleaded?** ☐ Yes ☐ No

IN THE SUPERIOR COURT OF TERRELL COUNTY
STATE OF GEORGIA

BANK OF DAWSON, FIRST STATE    :
BANK – AMERICUS, AND BANK    :
OF TERRELL    :
      Plaintiffs,    :
   :
vs.    :    CIVIL ACTION FILE NUMBER:
   :    10-CV-168
AERO-SPACE REPORTS, INC., KELLIE   :
PRICE, and SID HALL,    :
   :
      Defendants.    :

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:   Aero-Space Reports, Inc.

     You are hereby summoned and required to file with the Clerk of said Court and serve upon the Plaintiffs' attorney, whose name and address is:

         William W. Calhoun, Esq.
         Joseph P. Durham, Jr., Esq.
         Langley & Lee, LLC
         Post Office Box 607
         Albany, GA 31702-0607

an answer to the Complaint which is herewith served upon you, within 30 days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint. If you are a corporation, be advised that Georgia law requires that you be represented by an attorney in this matter.

     This 10th day of September, 2010.

                              By: Janice S Bryant
                                Deputy Clerk
                                Superior Court of Terrell County

IN THE SUPERIOR COURT OF TERRELL COUNTY
STATE OF GEORGIA

BANK OF DAWSON, FIRST STATE     :
BANK – AMERICUS, AND BANK     :
OF TERRELL     :
      Plaintiffs,     :
    :
vs.     :    CIVIL ACTION FILE NUMBER:
    :    <u>$10-CV-168$</u>
AERO-SPACE REPORTS, INC., KELLIE   :
PRICE, and SID HALL,     :
    :
      Defendants.     :

### SUMMONS

TO THE ABOVE NAMED DEFENDANT: Kellie Price

      You are hereby summoned and required to file with the Clerk of said Court and serve upon the Plaintiffs' attorney, whose name and address is:

           William W. Calhoun, Esq.
           Joseph P. Durham, Jr., Esq.
           Langley & Lee, LLC
           Post Office Box 607
           Albany, GA 31702-0607

an answer to the Complaint which is herewith served upon you, within 30 days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint. If you are a corporation, be advised that Georgia law requires that you be represented by an attorney in this matter.

      This _10_ day of September, 2010.

                            By:_____
                             Deputy Clerk
                             Superior Court of Terrell County

IN THE SUPERIOR COURT OF TERRELL COUNTY
STATE OF GEORGIA

BANK OF DAWSON, FIRST STATE :
BANK – AMERICUS, AND BANK :
OF TERRELL :
  Plaintiffs, :
   :
vs. : CIVIL ACTION FILE NUMBER:
 : _10-CV-168_
AERO-SPACE REPORTS, INC., KELLIE :
PRICE, and SID HALL, :
 :
  Defendants. :

## SUMMONS

TO THE ABOVE NAMED DEFENDANT: Sid Hall

 You are hereby summoned and required to file with the Clerk of said Court and serve upon the Plaintiffs' attorney, whose name and address is:

   William W. Calhoun, Esq.
   Joseph P. Durham, Jr., Esq.
   Langley & Lee, LLC
   Post Office Box 607
   Albany, GA 31702-0607

an answer to the Complaint which is herewith served upon you, within 30 days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint. If you are a corporation, be advised that Georgia law requires that you be represented by an attorney in this matter.

 This _10__ day of September, 2010.

      By: _Charlee D. Bryant_
       Deputy Clerk
       Superior Court of Terrell County

IN THE SUPERIOR COURT OF TERRELL COUNTY
STATE OF GEORGIA

BANK OF DAWSON, FIRST STATE    :
BANK – AMERICUS, AND BANK     :
OF TERRELL                         :
      Plaintiffs,                :
                                :
vs.                                :
                                :
AERO-SPACE REPORTS, INC., KELLIE :
PRICE, and SID HALL,         :
                                :
      Defendants.             :

CIVIL ACTION FILE NUMBER:
_10-CV-168_

FILED IN OFFICE AT_____1:30___P__M
THIS 16 DAY OF _Sept_ 2010
_____
DEPUTY CLERK SUPERIOR COURT CLERK
TERRELL COUNTY GEORGIA

## COMPLAINT

COME NOW THE BANK OF DAWSON, FIRST STATE BANK – AMERICUS and BANK OF TERRELL, Plaintiffs in the above-styled civil action and file this their Complaint against the Defendants and shows the Court the following:

### PARTIES, JURISDICTION AND VENUE

-1-

Plaintiff Bank of Dawson is a bank chartered under the laws of the State of Georgia. Plaintiff Bank of Dawson's principal place of business is Dawson, Terrell County, Georgia.

-2-

Plaintiff First State Bank – Americus ("First State – Americus") is a bank chartered under the laws of the Sate of Georgia. Plaintiff First State – Americus' principal place of business is Americus, Sumter County, Georgia.

-3-

Plaintiff Bank of Terrell is a bank chartered under the laws of the State of Georgia. Plaintiff Bank of Terrell's principal place of business is Dawson, Terrell County, Georgia.



Langley
&Lee LLC
Attorneys At Law

1504 West Third Avenue
Albany, Georgia 31707

Post Office Box 607
Albany, Georgia 31702-0607

Telephone (229) 431-3036
Facsimile (229) 431-2249

Defendant Sid Hall ("Hall") is an individual currently residing in Georgia. Defendant Hall's attorney, Patrick Flynn, has agreed to acknowledge service of process in this matter and has consented to venue in this Court.

Upon information and belief, Defendant Aero-Space Reports, Inc. ("Aero-Space") is a corporation organized and existing under the laws of the State of Oklahoma. This Defendant has it principal place of business at Oklahoma City, Oklahoma and may be served with process by serving a Summons and a copy of this Complaint on its registered agent, Mark D. Mitchell at 512 N.W. 12th, Oklahoma City, OK 73103-2407. However, pursuant to O.C.G.A. § 9-11-4, Plaintiffs' counsel has requested that this Defendant waive service. (A copy of the Notice of Lawsuit and Request for Waiver of Service for this Defendant is attached hereto as Exhibit "A.")

Defendant Kellie Price ("Price") is an employee of Defendant Aero-Space Reports, Inc. and is identified as an "escrow agent" on the company's web site. Upon information and belief, Defendant Price resides in Oklahoma City, Oklahoma. This Defendant may be served with process by serving a Summons and a copy of the Complaint at her place of employment at 6916 N.W. 112th Street, Oklahoma City, Oklahoma 73162. However, pursuant to O.C.G.A. § 9-11-4, Plaintiffs' counsel has requested that this Defendant waive service. (A copy of the Notice of Lawsuit and Request for Waiver of Service for this Defendant is attached hereto as Exhibit "B.")

At all times material hereto, Defendant Price was acting individually and as an actual and/or apparent agent or employee of Defendant Aero-Space. At all times material hereto, Defendant Price was acting within the course and scope of such employment or agency, with respect to the actions set forth in this complaint and, as such, her acts are imputed to Defendant Aero-Space under the doctrines of agency and respondeat superior.

-8-

Defendant Aero-Space and Price are subject to the jurisdiction of this Court pursuant to the Georgia Long Arm State found at O.C.G.A. § 9-10-91.

-9-

This Court has jurisdiction over this matter.

-10-

Venue is proper in this Court.

## BACKGROUND

-11-

Defendant Hall was the chief executive officer of a Sid Hall Enterprises, Inc. ("Enterprises") and Southern Aircraft International, LLC ("Southern Aircraft"), a Georgia corporation in the business of selling airplanes.

-12-

Federal law provides a single location at the offices of the Federal Aviation Agency ("FAA) in Oklahoma City, Oklahoma to file necessary documentation to record title to an airplane or to record a lien on an airplane.

Defendant Aero-Space, located in Oklahoma City, Oklahoma, provides, among other services, aircraft title and escrow services relating to the transfer of ownership of aircraft. Defendant Aero-Space's services include the filing of the appropriate documentation to record title to an aircraft and filing the appropriate documentation to record a lien with the FAA.

On a regular basis from 2004 through 2009, Defendant Hall, Enterprises and Southern Aircraft engaged Defendant Aero-Space to handle title searches, escrow services, and document filings with the FAA for the transfer of title and the recording of liens for the airplanes Enterprises and Southern Aircraft purchased for their businesses. Upon information and belief, Defendant Aero-Space was the only the aircraft title search company engaged by Defendant Hall, Enterprises and Southern Aircraft during this time, and Defendant Price was the contact person identified by Defendant Hall to Plaintiffs.

To finance the acquisition of airplanes, Enterprises and Southern Aircraft, acting through Hall, borrowed money from Plaintiffs and at least four (4) other banks located in southwest Georgia.

Throughout its arrangement with Defendant Hall, Enterprises and Southern Aircraft, Defendants Aero-Space and Price provided services to Plaintiffs and other banks financing Enterprises' and Southern Aircraft's purchase of aircraft including reporting on

status of liens on the aircraft in question and the recording with the FAA of their security agreements for the purchased aircraft.

-17-

In keeping with this arrangement, Plaintiffs employed the services of Defendants Aero-Space and Kellie Price for title searches and filing security agreements in excess of 52 airplanes purchased by Enterprises and Southern Aircraft, acting through Hall. Defendants Aero-Space and Price also provided services as the escrow agent for processing the proceeds of the loans that Plaintiffs funded.

-18-

Upon information and belief, Defendants Aero-Space and Kellie Price ultimately handled the title transfer and document filing services for numerous additional airplanes purchased by Enterprises and Southern Aircraft. In doing so, Aero-Space provided services to at least seven (7) banks located in Southwest Georgia.

## SPECIFIC TRANSACTIONS

### Airplane number N757BU

-19-

Plaintiff Bank of Dawson financed the purchase of an airplane with the FAA identification number of N757BU for Enterprises with a loan in the principal amount of $48,133.25.

-20-

On January 3, 2008, Aero-Space sent a facsimile transmission to Defendant Hall and Plaintiff Bank of Dawson indicating, inter alia, that it had the documentation necessary to transfer clear title to Enterprises upon the receipt of a wire transfer of $48,000.00 for the

purchase price and that "the undersigned Escrow Agent has duly checked the FAA's listing of indices under the described/referenced collateral and hereby certifies that there are no pending documents filed with the FAA under the description as stated." This document was signed by Defendant Price on behalf of Aero-Space.

-21-

On January 4, 2008, Plaintiff Bank of Dawson sent a notice via facsimile transmission to Aero-Space stating that Plaintiff Bank of Dawson was funding the purchase of this airplane for Enterprises and requesting Aero-Space's signature upon the notice. The notice also stated, "Upon signed receipt of this notice we will wire $48,000.00 to Aero Space Reports to fund this transaction. By signing below, agent for Aero Space Reports agrees to register the above mentioned aircraft with the FAA listing the Bank of Dawson as the lien holder." This document was signed by Defendant Price and returned to Plaintiff Bank of Dawson.

-22-

In exchange for the loan, on January 4, 2008, Enterprises executed a promissory note payable to Plaintiff Bank of Dawson. Contemporaneous with this promissory note, Enterprises also executed a Security Agreement using a FAA form that granted Plaintiff Bank of Dawson a security interest in the airplane to secure its loan. Defendant Hall signed both of these documents on behalf of Enterprises. That same day, Plaintiff Bank of Dawson wired $48,000.00 to Aero-Space to fund Enterprise's purchase of the airplane.

-23-

On January 4, 2008, Plaintiff Bank of Dawson Bank of Dawson sent its security agreement to Aero-Space for filing with the FAA.

Aero-Space did not file the security agreement with the FAA until October 21, 2008, approximately nine months later. As a result, Plaintiff Bank of Dawson lost its position as senior lien holder on this aircraft.

In the interim, Defendant Hall approached Plaintiff First State – Americus about a loan to purchase the same airplane.

On January 25, 2008 – about three weeks after receiving Plaintiff Bank of Dawson's security agreement for filing, Aero-Space sent a facsimile transmission to Defendant Hall and Plaintiff First State – Americus indicating, inter alia, that it had the documentation necessary to transfer clear title on the same airplane to Enterprises upon the receipt of a wire transfer of $47,000.00 for the purchase price and that "the undersigned Escrow Agent has duly checked the FAA's listing of indices under the described/referenced collateral and hereby certifies that there are no pending documents filed with the FAA under the description as stated." This document was signed by Defendant Price on behalf of Aero-Space.

On January 25, 2008, Enterprises, acting through Defendant Hall, executed a security agreement on the same airplane to secure a loan in the amount of $47,150.00 from First State – Americus. On January 28, 2008, Plaintiff First State – Americus wired $47,000.00 to Defendant Aero-Space and sent its security agreement to Defendants Price

and Aero-Space for filing with the FAA. On April 8, 2008, Defendant Aero-Space filed its security agreement with the FAA, and it was recorded on May 21, 2008.

-28-

None of the Defendants, nor anyone else, informed Plaintiff Bank of Dawson about the First State - Americus lien, and Plaintiff Bank of Dawson, believing that it was the senior lien holder, renewed the promissory note on July 17, 2009.

-29-

Enterprise defaulted on Plaintiff Bank of Dawson's and First State – Americus' loans, and on September 30, 2009, Enterprise filed a complaint for a Chapter 7 bankruptcy in the Middle District of Georgia, Albany Division.

-30-

Plaintiff Bank of Dawson has suffered an economic injury through the loss of its position as senior lien holder and the resulting loss of the value of its collateral.

-31-

Further, Plaintiffs Bank of Dawson and First State – Americus have suffered economic injury through Enterprise's default on the loans.

-32-

### Airplane No. N1762T

Plaintiff Bank of Dawson financed the purchase of an airplane with the FAA identification number of N1762T for Enterprises with a loan in the principal amount of $46,133.25.

On June 6, 2008, Aero-Space sent a facsimile transmission to Defendant Hall and Plaintiff Bank of Dawson indicating, inter alia, that it had the documentation necessary to transfer clear title to Enterprises upon the receipt of a wire transfer of $46,000.00 for the purchase price and that "the undersigned Escrow Agent has duly checked the FAA's listing of indices under the described/referenced collateral and hereby certifies that there are no pending documents filed with the FAA under the description as stated." This document was signed by Defendant Price on behalf of Aero-Space.

On June 9, 2008, Plaintiff Bank of Dawson sent a notice via facsimile transmission to Aero-Space stating that Plaintiff Bank of Dawson was funding the purchase of this airplane for Enterprises and requesting Aero-Space's signature upon the notice. The notice also stated, "Upon signed receipt of this notice we will wire $46,000.00 to Aero-Space Reports to fund this transaction. By signing below, agent for Aero Space Reports agrees to register the above mentioned aircraft with the FAA, listing the Bank of Dawson as the senior lien holder and to forward, as soon as possible, the conveyance number assigned to this aircraft." This document was signed by Defendant Price and returned to Plaintiff Bank of Dawson.

In exchange for the loan, on June 9, 2008, Enterprises executed a promissory note payable to Plaintiff Bank of Dawson. Contemporaneous with this promissory note, Enterprises also executed a Security Agreement using a FAA form that granted Plaintiff Bank of Dawson a security interest in the airplane to secure its loan. Defendant Hall

signed both of these documents on behalf of Enterprises. That same day, Plaintiff Bank of Dawson wired $46,000 to Aero-Space to fund Enterprise's purchase of the airplane.

-36-

On June 9, 2008, Plaintiff Bank of Dawson sent a copy of the security agreement to Aero-Space for filing with the FAA.

-37-

Aero-Space filed Plaintiff Bank of Dawson's security agreement with the FAA and it was recorded on or about July 16, 2008.

-38-

On July 16, 2008, Enterprises, acting through Defendant Hall, entered into a security agreement on the same airplane to secure a loan from Sumter Bank & Trust of Americus, Georgia ("Sumter Bank & Trust"). On July 30, 2008, Sumter Bank & Trust filed its security agreement with the FAA. Upon information and belief, Aero-Space also handled this filing for Sumter Bank & Trust.

-39-

Defendant Hall forged the signature of Joe Williams, Plaintiff Bank of Dawson's vice president, and on October 10, 2008, filed the forged release with the FAA. As a result, Plaintiff Bank of Dawson lost its position as senior lien holder on this aircraft.

-40-

None of the Defendants, nor anyone else, informed Plaintiff Bank of Dawson about the forged release, and Plaintiff Bank of Dawson, believing that it was the senior lien holder, renewed the promissory note on February 6, 2009.

Enterprise defaulted on Plaintiff Bank of Dawson's loan, and on September 30, 2009, Enterprise filed a complaint for a chapter 7 bankruptcy in the Middle District of Georgia, Albany Division.

Plaintiff Bank of Dawson has suffered an economic injury due to Enterprise's default on the loan and through the loss of its position as senior lien holder and the resulting loss of the value of its collateral.

## Airplane No. N102XL

Plaintiff Bank of Dawson financed the purchase of an airplane with the FAA identification number of N102XL for Enterprises with a loan in the principal amount of $47,133.25.

On July 22, 2008, Aero-Space sent a facsimile transmission to Defendant Hall and Plaintiff Bank of Dawson indicating, inter alia, that it had the documentation necessary to transfer clear title to Enterprises upon the receipt of a wire transfer of $47,000.00 for the purchase price and that "the undersigned Escrow Agent has duly checked the FAA's listing of indices under the described/referenced collateral and hereby certifies that there are no pending documents filed with the FAA under the description as stated." This document was signed by Defendant Price on behalf of Aero-Space.

On July 23, 2008, Plaintiff Bank of Dawson sent a notice via facsimile transmission to Aero-Space stating that Plaintiff Bank of Dawson was funding the purchase of this airplane for Enterprises and requesting Aero-Space's signature upon the notice. The notice also stated, "Upon signed receipt of this notice we will wire $47,000.00 to Aero-Space Reports to fund this transaction. By signing below, agent for Aero Space Reports agrees to register the above mentioned aircraft with the FAA, listing the Bank of Dawson as the senior lien holder and to forward, as soon as possible, the conveyance number assigned to this aircraft." This document was signed by Defendant Price and returned to Plaintiff Bank of Dawson.

-46-

In exchange for the loan, on July 23, 2008, Enterprises executed a promissory note payable to Plaintiff Bank of Dawson. Contemporaneous with this promissory note, Enterprises also executed a Security Agreement using a FAA form that granted Plaintiff Bank of Dawson a security interest in the airplane to secure its loan. Defendant Hall signed both of these documents on behalf of Enterprises. That same day, Plaintiff Bank of Dawson wired $47,000 to Aero-Space to fund Enterprise's purchase of the airplane.

-47-

On July 23, 2008, Plaintiff Bank of Dawson sent a copy of the security agreement to Aero-Space for filing with the FAA.

-48-

Aero-Space filed Plaintiff Bank of Dawson's security agreement with the FAA and it was recorded on or about August 20, 2008.

Defendant Hall forged the signature of Plaintiff Bank of Dawson's vice president, Joe Williams, on a lien release, and on or about October 14, 2008, filed the forged release with the FAA.

Upon information and belief, Enterprise sold the airplane to a purchaser in Canada and or about October 14, 2008, the FAA deregistered the airplane at the request of Enterprise and Defendant Hall.

None of the Defendants, nor anyone else, informed Plaintiff Bank of Dawson about the forged release, and Plaintiff Bank of Dawson, believing that it was the senior lien holder, renewed the promissory note on March 20, 2009.

Enterprise defaulted on Plaintiff Bank of Dawson's loan, and on September 30, 2009, Enterprise filed a complaint for a chapter 7 bankruptcy in the Middle District of Georgia, Albany Division.

Plaintiff Bank of Dawson has suffered an economic injury through Enterprises' default on the loans and the loss of the value of its collateral.

### Airplane No. N49951

Plaintiff Bank of Dawson financed the purchase of an airplane with the FAA identification number of N49951 for Enterprises with a loan in the principal amount of $46,133.25.

-55-

On September 12, 2008, Aero-Space sent a facsimile transmission to Defendant Hall and Plaintiff Bank of Dawson indicating, inter alia, that it had the documentation necessary to transfer clear title to Enterprises upon the receipt of a wire transfer of $46,000.00 for the purchase price and that "the undersigned Escrow Agent has duly checked the FAA's listing of indices under the described/referenced collateral and hereby certifies that there are no pending documents filed with the FAA under the description as stated." This document was signed by Defendant Price on behalf of Aero-Space.

-56-

On September 12, 2008, Plaintiff Bank of Dawson sent a notice via facsimile transmission to Aero-Space stating that Plaintiff Bank of Dawson was funding the purchase of this airplane for Enterprises and requesting Aero-Space's signature upon the notice. The notice also stated, "Upon signed receipt of this notice we will wire $46,000.00 to Aero-Space Reports to fund this transaction. By signing below, agent for Aero Space Reports agrees to register the above mentioned aircraft with the FAA, listing the Bank of Dawson as the senior lien holder and to forward, as soon as possible, the conveyance number assigned to this aircraft." This document was signed by Defendant Price and returned to Plaintiff Bank of Dawson.

In exchange for the loan, on September 12, 2008, Enterprises executed a promissory note payable to Plaintiff Bank of Dawson. Contemporaneous with this promissory note, Enterprises also executed a Security Agreement using a FAA form that granted Plaintiff Bank of Dawson a security interest in the airplane to secure its loan. Defendant Hall signed both of these documents on behalf of Enterprises. That same day, Plaintiff Bank of Dawson wired $46,000 to Aero-Space to fund Enterprise's purchase of the airplane.

On September 12, 2008, Plaintiff Bank of Dawson sent a copy of the security agreement to Aero-Space for filing with the FAA.

Aero-Space never filed Plaintiff Bank of Dawson's security agreement with the FAA.

On September 16, 2008, Enterprises, acting through Defendant Hall, executed a security agreement on the same airplane to secure a loan from Flint River National Bank of Albany, Georgia ("Flint River Bank").

None of the Defendants, nor anyone else, informed Plaintiff Bank of Dawson that Defendant Aero-Space had not filed its security agreement, and Plaintiff Bank of Dawson, believing that it was the senior lien holder, renewed the promissory note on April 15, 2009.

On August 14, 2009, Enterprises, acting through Defendant Hall, executed a security agreement on the same airplane to secure a loan from Sumter Bank & Trust. On August 18, 2009, Sumter Bank & Trust filed its security agreement with the FAA.

-63-

On August 26, 2009, Flint River Bank filed its security agreement with the FAA.

-64-

Upon information and belief, Aero-Space also handled this filing for Sumter Bank & Trust and Flint River.

-65-

Enterprise defaulted on Plaintiff Bank of Dawson's loan, and on September 30, 2009, Enterprise filed a complaint for a chapter 7 bankruptcy in the Middle District of Georgia, Albany Division.

-66-

Plaintiff Bank of Dawson has suffered an economic injury through Enterprise's default on the loan and through the loss of its position as senior lien holder and the resulting loss of the value of its collateral.

-67-

## Airplane No. N89056

Plaintiff Bank of Dawson financed the purchase of an airplane with the FAA identification number of N89056 for Enterprises with a loan in the principal amount of $46,133.50.

On November 10, 2008, Aero-Space sent a facsimile transmission to Defendant Hall and Plaintiff Bank of Dawson indicating, inter alia, that it had the documentation necessary to transfer clear title to Enterprises upon the receipt of a wire transfer of $46,000.00 for the purchase price and that "the undersigned Escrow Agent has duly checked the FAA's listing of indices under the described/referenced collateral and hereby certifies that there are no pending documents filed with the FAA under the description as stated." This document was signed by Defendant Price on behalf of Aero-Space.

-69-

On November 10, 2008, Plaintiff Bank of Dawson sent a notice via facsimile transmission to Aero-Space stating that Plaintiff Bank of Dawson was funding the purchase of this airplane for Enterprises and requesting Aero-Space's signature upon the notice. The notice also stated, "Upon signed receipt of this notice we will wire $46,000.00 to Aero-Space Reports to fund this transaction. By signing below, agent for Aero Space Reports agrees to register the above mentioned aircraft with the FAA, listing the Bank of Dawson as the senior lien holder and to forward, as soon as possible, the conveyance number assigned to this aircraft." This document was signed by Defendant Price and returned to Plaintiff Bank of Dawson.

-70-

In exchange for the loan, on November 10, 2008, Enterprises executed a promissory note payable to Plaintiff Bank of Dawson. Contemporaneous with this promissory note, Enterprises also executed a Security Agreement using a FAA form that granted Plaintiff Bank of Dawson a security interest in the airplane to secure its loan.

Defendant Hall signed both of these documents on behalf of Enterprises. That same day, Plaintiff Bank of Dawson wired $46,000 to Aero-Space to fund Enterprise's purchase of the airplane.

-71-

On November 10, 2008, Plaintiff Bank of Dawson sent a copy of the security agreement to Aero-Space for filing with the FAA.

-72-

Aero-Space never filed Plaintiff Bank of Dawson's security agreement with the FAA.

-73-

Also, on November 10, 2008, Enterprises, acting through Defendant Hall, executed a security agreement on the same airplane to secure a loan in the amount of $600,500.00 from Flint River Bank.

-74-

Defendant Hall approached Plaintiff First State – Americus about financing for the same airplane.

-75-

On November 12, 2008, Aero-Space sent a facsimile transmission to Defendant Hall and Plaintiff First State - Americus indicating, inter alia, that it had the documentation necessary to transfer clear title to Enterprises upon the receipt of a wire transfer of $46,000.00 for the purchase price and that "the undersigned Escrow Agent has duly checked the FAA's listing of indices under the described/referenced collateral and hereby

certifies that there are no pending documents filed with the FAA under the description as stated." This document was signed by Defendant Price on behalf of Aero-Space.

-76-

On November 13, 2008, Enterprises, acting through Defendant Hall, executed a security agreement on the same airplane in the amount of $46,150.00 from First State - Americus. On November 13, 2008, Plaintiff First State – Americus wired $46,000.00 to Defendant Aero-Space and sent its security agreement to Defendants Price and Aero-Space for filing with the FAA. On November 20, 2008, Aero-Space filed First State – Americus' security agreement with the FAA, and it was recorded on November 24, 2008.

-77-

On August 26, 2009, Flint River Bank filed its security agreement with the FAA. Upon information and belief, Aero-Space also handled this filing.

-78-

None of the Defendants, nor anyone else, informed Plaintiff Bank of Dawson that Defendant Aero-Space had not filed its security agreement, and Plaintiff Bank of Dawson, believing that it was the senior lien holder, renewed the promissory note on July 7, 2009.

-79-

Enterprise defaulted on Plaintiff Bank of Dawson's and First State – Americus' loans, and on September 30, 2009, Enterprise filed a complaint for a Chapter 7 bankruptcy in the Middle District of Georgia, Albany Division.

-80-

Plaintiff Bank of Dawson and Plaintiff First State – Americus have suffered economic injury through Enterprises' default on the loans. Further, Plaintiff Bank of

Dawson has suffered economic injury through the loss of its position as senior lien holder and the resulting loss of the value of its collateral.

-81-

## Airplane No. N4656B

Plaintiff Bank of Dawson financed the purchase of an airplane with the FAA identification number of N4656B for Enterprises with a loan in the principal amount of $46,144.50.

-82-

On April 14, 2009, Aero-Space sent a facsimile transmission to Defendant Hall and Plaintiff Bank of Dawson indicating, inter alia, that it had the documentation necessary to transfer clear title to Enterprises upon the receipt of a wire transfer of $46,000.00 for the purchase price and that "the undersigned Escrow Agent has duly checked the FAA's listing of indices under the described/referenced collateral and hereby certifies that there are no pending documents filed with the FAA under the description as stated." This document was signed by Defendant Price on behalf of Aero-Space.

-83-

On April 14, 2009, Plaintiff Bank of Dawson sent a notice via facsimile transmission to Aero-Space stating that Plaintiff Bank of Dawson was funding the purchase of this airplane for Enterprises and requesting Aero-Space's signature upon the notice. The notice also stated, "Upon signed receipt of this notice we will wire $46,000.00 to Aero-Space Reports to fund this transaction. By signing below, agent for Aero Space Reports agrees to register the above mentioned aircraft with the FAA, listing the Bank of Dawson as the senior lien holder and to forward, as soon as possible, the conveyance

number assigned to this aircraft." This document was signed by Defendant Price and returned to Plaintiff Bank of Dawson.

-84-

In exchange for the loan, on April 14, 2009, Enterprises executed a promissory note payable to Plaintiff Bank of Dawson. Contemporaneous with this promissory note, Enterprises also executed a Security Agreement using a FAA form that granted Plaintiff Bank of Dawson a security interest in the airplane to secure its loan. Defendant Hall signed both of these documents on behalf of Enterprises. That same day, Plaintiff Bank of Dawson wired $46,000 to Aero-Space to fund Enterprise's purchase of the airplane.

-85-

On April 14, 2009, Plaintiff Bank of Dawson sent a copy of the security agreement to Aero-Space for filing with the FAA.

-86-

Aero-Space filed Plaintiff Bank of Dawson's security agreement with the FAA and it was recorded on or about April 22, 2009.

-87-

Defendant Hall forged the signature of Plaintiff Bank of Dawson's vice president, Joe Williams, on a lien release, and filed the forged release with the FAA. It was filed on May 7, 2009. As a result, Plaintiff Bank of Dawson lost its position as senior lien holder on this aircraft.

-88-

Defendant Hall approached Plaintiff First State – Americus about financing the purchase of the same aircraft.

On May 7, 2009, Aero-Space sent a facsimile transmission to Defendant Hall and Plaintiff First State - Americus indicating, inter alia, that it had the documentation necessary to transfer clear title to Southern Aircraft upon the receipt of a wire transfer of $46,000.00 for the purchase price and that "the undersigned Escrow Agent has duly checked the FAA's listing of indices under the described/referenced collateral and hereby certifies that there are no pending documents filed with the FAA under the description as stated." This document was signed by Defendant Price on behalf of Aero-Space.

On May 8, 2009, Southern Aircraft, acting through Defendant Hall, executed a security agreement on the same airplane to secure a loan in the amount of $43,150.00 from First State – Americus to purchase the airplane from Enterprises. On May 26, 2009, Defendant Aero-Space filed Plaintiff First State – Americus' security agreement with the FAA, and it was recorded on June 9, 2009.

Defendant Hall forged the signature of Plaintiff Bank of Dawson's vice president, Joe Williams, and filed a second forged release with the FAA. It was filed on June 11, 2009.

On September 15, 2009, First State - Albany filed a security agreement dated February 13, 2008, with the FAA.

Enterprise defaulted on Plaintiff Bank of Dawson's and Plaintiff First State – Americus' loans, and on September 30, 2009, Enterprise and Southern Aircraft filed a complaint for a Chapter 7 bankruptcy in the Middle District of Georgia, Albany Division.

Plaintiff Bank of Dawson and Plaintiff First State – Americus have suffered economic injury through Enterprises' and Southern Aircraft's defaults on the loans. Further, Plaintiff Bank of Dawson has suffered economic injury through the loss of its position as senior lien holder and the resulting loss of the value of its collateral.

## Airplane No. N352WA

Plaintiff Bank of Dawson financed the purchase of an airplane with the FAA identification number of N352WA for Enterprises with a loan in the principal amount of $46,144.50.

On April 20, 2009, Aero-Space sent a facsimile transmission to Defendant Hall and Plaintiff Bank of Dawson indicating, inter alia, that it had the documentation necessary to transfer clear title to Enterprises upon the receipt of a wire transfer of $46,000.00 for the purchase price and that "the undersigned Escrow Agent has duly checked the FAA's listing of indices under the described/referenced collateral and hereby certifies that there are no pending documents filed with the FAA under the description as stated." This document was signed by Defendant Price on behalf of Aero-Space.

On April 21, 2009, Plaintiff Bank of Dawson sent a notice via facsimile transmission to Aero-Space stating that Plaintiff Bank of Dawson was funding the purchase of this airplane for Enterprises and requesting Aero-Space's signature upon the notice. The notice also stated, "Upon signed receipt of this notice we will wire $46,000.00 to Aero-Space Reports to fund this transaction. By signing below, agent for Aero Space Reports agrees to register the above mentioned aircraft with the FAA, listing the Bank of Dawson as the senior lien holder and to forward, as soon as possible, the conveyance number assigned to this aircraft." This document was signed by Defendant Price and returned to Plaintiff Bank of Dawson.

-98-

In exchange for the loan, on April 21, 2009, Enterprises executed a promissory note payable to Plaintiff Bank of Dawson. Contemporaneous with this promissory note, Enterprises also executed a Security Agreement using a FAA form that granted Plaintiff Bank of Dawson a security interest in the airplane to secure its loan. Defendant Hall signed both of these documents on behalf of Enterprises. That same day, Plaintiff Bank of Dawson wired $46,000.00 to Aero-Space to fund Enterprise's purchase of the airplane.

-99-

On April 21, 2009, Plaintiff Bank of Dawson sent a copy of the security agreement to Aero-Space for filing with the FAA.

-100-

Aero-Space filed Plaintiff Bank of Dawson's security agreement with the FAA and it was recorded on or about April 23, 2009.

Defendant Hall forged the signature of Plaintiff Bank of Dawson's vice president, Joe Williams, on a lien release, and filed the forged release with the FAA. It was filed on June 1, 2009. As a result, Plaintiff Bank of Dawson lost its position as senior lien holder on this aircraft.

On June 10, 2009, Aero-Space sent a facsimile transmission to Defendant Hall and Plaintiff First State - Americus indicating, inter alia, that it had the documentation necessary to transfer clear title to Enterprises upon the receipt of a wire transfer of $40,000.00 for the purchase price and that "the undersigned Escrow Agent has duly checked the FAA's listing of indices under the described/referenced collateral and hereby certifies that there are no pending documents filed with the FAA under the description as stated." This document was signed by Defendant Price on behalf of Aero-Space.

On June 11, 2009, Enterprises, acting through Defendant Hall, executed a security agreement on the same airplane to secure a loan in the amount of $40,150.00 from Plaintiff First State - Americus. That same day, Plaintiff First State - Americus wired $40,000 to Aero-Space and sent its security agreement to Defendants Price and Aero-Space for filing with the FAA.

On August 26, 2009, Flint River Bank filed a security agreement dated April 21, 2009 on the same airplane to secure a loan in the amount of $600,500.00 with the FAA. This security agreement was recorded by the FAA on September 4, 2009.

-105-

Defendant Aero-Space did not file Plaintiff First State – Americus' security agreement with the FAA until September 1, 2009. As a result, Plaintiff First State – Americus lost its status as a lien holder on this aircraft.

-106-

Enterprise defaulted on Plaintiff Bank of Dawson's and Plaintiff First State – Americus' loans, and on September 30, 2009, Enterprise filed a complaint for a chapter 7 bankruptcy in the Middle District of Georgia, Albany Division.

-107-

Plaintiffs Bank of Dawson and First State – Americus have suffered an economic injury through Enterprises' default and through the loss of their positions as senior lien holders and the resulting loss of the value of their collateral.

### Airplane number N94662

-108-

Plaintiff Bank of Dawson financed the purchase of an airplane with the FAA identification number of N94662 for Enterprises with a loan in the principal amount of $46,144.50.

-109-

On June 4, 2009, Aero-Space sent a facsimile transmission to Defendant Hall and Plaintiff Bank of Dawson indicating, inter alia, that it had the documentation necessary to transfer clear title to Enterprises upon the receipt of a wire transfer of $46,000.00 for the purchase price and that "the undersigned Escrow Agent has duly checked the FAA's listing of indices under the described/referenced collateral and hereby certifies that there are no

pending documents filed with the FAA under the description as stated." This document was signed by Defendant Price on behalf of Aero-Space.

-110-

On June 4, 2009, Plaintiff Bank of Dawson sent a notice via facsimile transmission to Aero-Space stating that Plaintiff Bank of Dawson was funding the purchase of this airplane for Enterprises and requesting Aero-Space's signature upon the notice. The notice also stated, "Upon signed receipt of this notice we will wire $46,000.00 to Aero Space Reports to fund this transaction. By signing below, agent for Aero Space Reports agrees to register the above mentioned aircraft with the FAA listing the Bank of Dawson as the lien holder." This document was signed by Defendant Price and returned to Plaintiff Bank of Dawson.

-111-

In exchange for the loan, on June 4, 2009, Enterprises executed a promissory note payable to Plaintiff Bank of Dawson. Contemporaneous with this promissory note, Enterprises also executed a Security Agreement that granted Plaintiff Bank of Dawson a security interest in the airplane to secure its loan. Defendant Hall signed both of these documents on behalf of Enterprises. That same day, Plaintiff Bank of Dawson wired $46,000.00 to Aero-Space to fund Enterprise's purchase of the airplane.

-112-

On June 4, 2009, Plaintiff Bank of Dawson sent a copy of the security agreement to Aero-Space for filing with the FAA.

Defendant Hall approached Plaintiff Bank of Terrell about financing on the same airplane.

On June 16, 2009, Aero-Space sent a facsimile transmission to Defendant Hall and Plaintiff Bank of Terrell indicating, inter alia, that it had the documentation necessary to transfer clear title to Southern Aircraft upon the receipt of a wire transfer of $27,000.00 for the purchase price and that "the undersigned Escrow Agent has duly checked the FAA's listing of indices under the described/referenced collateral and hereby certifies that there are no pending documents filed with the FAA under the description as stated." This document was signed by Defendant Price on behalf of Aero-Space.

On June 18, 2009, Southern Aircraft, acting through Defendant Hall, executed a security agreement on the same airplane to secure a loan in the amount of $27,150.00 from Plaintiff Bank of Terrell. That same day Plaintiff Bank of Terrell wired $27,000.00 to Defendant Aero-Space and sent the security agreement to Defendant Aero-Space for filing with the FAA. Defendant Aero-Space never got this security agreement recorded by the FAA.

On August 26, 2009, Flint River Bank filed a security agreement dated June 2, 2008 with Southern Aircraft securing a loan in the amount of $600,500.00 with the FAA. Upon information and belief, Aero-Space also handled this filing for Flint River Bank.

Aero-Space did not file Plaintiff Bank of Dawson's security agreement with the FAA until September 1, 2009, approximately 3 months after it received the security agreement from Plaintiff Bank of Dawson. As a result, Plaintiff Bank of Dawson lost its position as senior lien holder on this aircraft.

Enterprise defaulted on Plaintiff Bank of Dawson's loan and Southern Aircraft defaulted on Plaintiff Bank of Terrell's loan. On September 30, 2009, Enterprise and Southern Aircraft filed a complaint for a chapter 7 bankruptcy in the Middle District of Georgia, Albany Division.

Plaintiff Bank of Dawson suffered an economic injury through the default of Enterprises and through the loss of its position as senior lien holder and the resulting loss of the value of its collateral.

Plaintiff Bank of Terrell has suffered an economic injury through default of Southern Aircraft and the resulting loss and through the loss of its position as lien holder and the resulting loss of the value of its collateral.

### Airplane number N9273S

Plaintiff First State - Americus financed the purchase of an airplane with the FAA identification number of N9273S for Enterprises with a loan in the principal amount of $45,150.00.

On November 6, 2008, Aero-Space sent a facsimile transmission to Defendant Hall and Plaintiff First State - Americus indicating, inter alia, that it had the documentation necessary to transfer clear title to Enterprises upon the receipt of a wire transfer of $45,000.00 for the purchase price and that "the undersigned Escrow Agent has duly checked the FAA's listing of indices under the described/referenced collateral and hereby certifies that there are no pending documents filed with the FAA under the description as stated." This document was signed by Defendant Price on behalf of Aero-Space.

-123-

In exchange for the loan, on November 7, 2008, Enterprises executed a promissory note payable to Plaintiff First State - Americus. Contemporaneous with this promissory note, Enterprises also executed a Security Agreement that granted Plaintiff First State - Americus a security interest in the airplane to secure its loan. Defendant Hall signed both of these documents on behalf of Enterprises. That same day, Plaintiff First State – Americus wired $45,000.00 to Aero-Space to fund Enterprise's purchase of the airplane.

-124-

On November 7, 2008, Plaintiff First State – Americus sent its security agreement to Aero-Space for filing with the FAA.

-125-

Defendant Aero-Space filed Plaintiff First State – Americus' security agreement with the FAA, and the FAA recorded the security agreement on November 20, 2010.

Defendant Hall forged the signature of Scott Ivey, Plaintiff First State – Americus' city president, on a lien release, and filed the forged release with the FAA. It was filed on June 11, 2009. As a result, Plaintiff First State – Americus lost its position as senior lien holder on this aircraft.

Defendant Hall then approached Plaintiff Bank of Dawson about financing the purchase of the same airplane, again by Enterprises.

On June 15, 2009, Aero-Space sent a facsimile transmission to Defendant Hall and Plaintiff Bank of Dawson indicating, inter alia, that it had the documentation necessary to transfer clear title to Enterprises upon the receipt of a wire transfer of $40,000.00 for the purchase price and that "the undersigned Escrow Agent has duly checked the FAA's listing of indices under the described/referenced collateral and hereby certifies that there are no pending documents filed with the FAA under the description as stated." This document was signed by Defendant Price on behalf of Aero-Space.

On June 15, 2009, Plaintiff Bank of Dawson sent a notice via facsimile transmission to Aero-Space stating that Plaintiff Bank of Dawson was funding the purchase of this airplane for Enterprises and requesting Aero-Space's signature upon the notice. The notice also stated, "Upon signed receipt of this notice we will wire $40,000.00 to Aero Space Reports to fund this transaction. By signing below, agent for Aero Space Reports agrees to register the above mentioned aircraft with the FAA listing the Bank of

Dawson as the lien holder." This document was signed by Defendant Price and returned to Plaintiff Bank of Dawson.

-130-

In exchange for the loan, on June 15, 2009, Enterprises executed a promissory note payable to Plaintiff Bank of Dawson. Contemporaneous with this promissory note, Enterprises also executed a Security Agreement that granted Plaintiff Bank of Dawson a security interest in the airplane to secure its loan. Defendant Hall signed both of these documents on behalf of Enterprises. That same day, Plaintiff Bank of Dawson wired $40,000.00 to Aero-Space to fund Enterprise's purchase of the airplane.

-131-

On June 15, 2008, Plaintiff Bank of Dawson sent a copy of the security agreement to Aero-Space for filing with the FAA.

-132-

Aero-Space did not file the security agreement with the FAA until September 16, 2009, approximately 3 months later. As a result of Defendant Aero-Space's failure to file Plaintiff Bank of Dawson's lien in a timely manner, Plaintiff Bank of Dawson lost its position as senior lien holder on this aircraft.

-133-

In the interim, Defendant Hall approached Plaintiff Bank of Terrell about financing for the purchase of the same airplane, this time by Southern Aircraft.

-134-

On July 6, 2009, Aero-Space sent a facsimile transmission to Defendant Hall and Plaintiff Bank of Terrell indicating, inter alia, that it had the documentation necessary to

transfer clear title to Southern Aircraft upon the receipt of a wire transfer of $41,000.00 for the purchase price and that "the undersigned Escrow Agent has duly checked the FAA's listing of indices under the described/referenced collateral and hereby certifies that there are no pending documents filed with the FAA under the description as stated." This document was signed by Defendant Price's assistant on behalf of Aero-Space.

-135-

On July 6, 2009, Southern Aircraft, acting through Defendant Hall, executed a security agreement on the same airplane to secure a loan in the amount of $41,175.00 from the Bank of Terrell. On July 7, 2009, Plaintiff Bank of Terrell wired $41,000.00 to Defendant Aero-Space. On July 16, 2009, Defendant Aero-Space filed the Bank of Terrell's security agreement was filed with the FAA, and the FAA recorded the security agreement on July 31, 2009.

-136-

On August 26, 2009, Flint River Bank filed a security agreement dated July 8, 2009 with Southern Aircraft securing a loan in the amount of $600,500 with the FAA.

-137-

On September 15, 2009, First State Bank of Albany filed a security agreement with Southern Aircraft dated March 30, 2005 with the FAA.

-138-

Enterprise and Southern Aircraft defaulted on Plaintiffs' loans, and on September 30, 2009, filed complaints for a Chapter 7 bankruptcy in the Middle District of Georgia, Albany Division.

Plaintiffs have suffered economic injury through the defaults on their loans, and Plaintiff Bank of Dawson and Plaintiff First State – Americus have suffered economic injuries through the loss of their position as senior lien holder and the resulting loss of the value of their collateral.

### Airplane No. N23TB

Plaintiff First State – Americus financed the purchase of an airplane with the FAA identification number of N23TB for Enterprises with a loan in the principal amount of $44,170.00.

On July 21, 2003, Aero-Space sent a facsimile transmission to Defendant Hall and Plaintiff First State – Americus indicating, inter alia, that it had the documentation necessary to transfer clear title to Enterprises upon the receipt of a wire transfer of $44,000.00 for the purchase price and that "the undersigned Escrow Agent has duly checked the FAA's listing of indices under the described/referenced collateral and hereby certifies that there are no pending documents filed with the FAA under the description as stated." This document was signed by Defendant Price on behalf of Aero-Space.

In exchange for the loan, on July 22, 2003, Enterprises executed a promissory note payable to Plaintiff First State – Americus in the amount of $44,170.00. Contemporaneous with this promissory note, Enterprises also executed a Security Agreement using a FAA form that granted Plaintiff First State – Americus a security interest in the airplane to

secure its loan. Defendant Hall signed both of these documents on behalf of Enterprises. That same day, Plaintiff First State – Americus wired $44,000 to Defendant Aero-Space to fund Enterprise's purchase of the airplane.

-143-

On July 22, 2003, Plaintiff First State – Americus sent the security agreement to Defendant Aero-Space for filing with the FAA.

-144-

Aero-Space filed Plaintiff First State – Americus' security agreement with the FAA and it was recorded on or about September 10, 2003.

-145-

On April 21, 2009, Enterprises, acting through Defendant Hall, executed a renewal promissory note on the same airplane in the principal amount of $34,150.00 subject to the earlier filed security agreement.

-146-

Defendant Hall forged the signature of Scott Ivey, Plaintiff First State – Americus' city president, and on May 27, 2009, filed the forged release with the FAA. As a result, Plaintiff First State - Americus lost its position as senior lien holder on this aircraft.

-147-

Defendant Hall approached Plaintiff Bank of Terrell about financing on the same airplane.

-148-

On May 29, 2009, Aero-Space sent a facsimile transmission to Defendant Hall and Plaintiff Bank of Terrell indicating, inter alia, that it had the documentation necessary to

transfer clear title to Southern Aircraft upon the receipt of a wire transfer of $48,000.00 for the purchase price and that "the undersigned Escrow Agent has duly checked the FAA's listing of indices under the described/referenced collateral and hereby certifies that there are no pending documents filed with the FAA under the description as stated." This document was signed by Defendant Price's assistant on behalf of Aero-Space.

-149-

On June 1, 2009, Southern Aircraft, acting through Defendant Hall, entered into a security agreement on the same airplane to secure a loan in the amount of $48,175.00 from Plaintiff Bank of Terrell to finance the purchase of the airplane from Enterprises. That same day, Plaintiff Bank of Terrell wired $48,000.00 to Defendant Aero-Space. On June 8, 2009, Defendant Aero-Space filed Plaintiff Bank of Terrell's security agreement with the FAA, and on June 10, 2009, the FAA recorded the security agreement.

-150-

Enterprise defaulted on Plaintiff First State - Americus' loan, and Southern Aircraft defaulted on Plaintiff Bank of Terrell's loan, and on September 30, 2009, Enterprise and Southern Aircraft filed complaints for Chapter 7 bankruptcy in the Middle District of Georgia, Albany Division.

-151-

Plaintiff First State – Americus and Plaintiff Bank of Terrell have suffered economic loss through Enterprise's and Southern Aircraft's defaults, and Plaintiff First State - Americus has suffered an economic injury through the loss of its position as senior lien holder and the resulting loss of the value of its collateral.

## Airplane No. N85PC

Plaintiff First State – Americus financed the purchase of an airplane with the FAA identification number of N85PC for Enterprises with a loan in the principal amount of $69,170.00.

On July 20, 2005, Aero-Space sent a facsimile transmission to Defendant Hall and Plaintiff First State – Americus indicating, inter alia, that it had the documentation necessary to transfer clear title to Enterprises upon the receipt of a wire transfer of $69,000.00 for the purchase price and that "the undersigned Escrow Agent has duly checked the FAA's listing of indices under the described/referenced collateral and hereby certifies that there are no pending documents filed with the FAA under the description as stated." This document was signed by Defendant Price on behalf of Aero-Space.

In exchange for the loan, on July 20, 2005, Enterprises executed a promissory note payable to Plaintiff First State – Americus in the amount of $69,170.00. Contemporaneous with this promissory note, Enterprises also executed a Security Agreement using a FAA form that granted Plaintiff First State – Americus a security interest in the airplane to secure its loan. Defendant Hall signed both of these documents on behalf of Enterprises. On July 21, 2005, Plaintiff First State – Americus wired $69,000.00 to Defendant Aero-Space to fund Enterprise's purchase of the airplane.

On July 21, 2005, Plaintiff First State - Americus sent the security agreement to Defendant Aero-Space for filing with the FAA.

Aero-Space filed Plaintiff First State – Americus' security agreement with the FAA and it was recorded on or about August 4, 2005.

Defendant Hall forged the signature of Scott Ivey, Plaintiff First State – Americus' city president, and on February 16, 2006 filed the forged release with the FAA. As a result, Plaintiff First State - Americus lost its position as senior lien holder on this aircraft.

On February 16, 2006, Defendant Hall or someone acting in concert with him filed an aircraft bill of sale with the FAA recording Enterprise's December 15, 2005 sale of the aircraft.

On April 13, 2009, Enterprises, acting through Defendant Hall, executed a renewal promissory note on the same airplane in the principal amount of $61,150.00 subject to the earlier filed security agreement. No one informed Plaintiff First State – Americus that its lien had been released or that the aircraft had been sold.

Enterprise defaulted on Plaintiff First State - Americus' loan, and on September 30, 2009, Enterprise filed a complaint for a chapter 7 bankruptcy in the Middle District of Georgia, Albany Division.

Plaintiff First State - Americus has suffered an economic injury through Enterprises' default as well as the loss of its position as senior lien holder and the resulting loss of the value of its collateral.

### Airplane No. N132P

Plaintiff First State – Americus financed the purchase of an airplane with the FAA identification number of N132P for Enterprises with a loan in the principal amount of $77,170.00.

On March 8, 2004, Aero-Space sent a facsimile transmission to Defendant Hall and Plaintiff First State – Americus indicating, inter alia, that it had the documentation necessary to transfer clear title to Enterprises upon the receipt of a wire transfer of $77,000.00 for the purchase price and that "the undersigned Escrow Agent has duly checked the FAA's listing of indices under the described/referenced collateral and hereby certifies that there are no pending documents filed with the FAA under the description as stated." This document was signed by Defendant Price on behalf of Aero-Space.

In exchange for the loan, on March 10, 2004, Enterprises executed a promissory note payable to Plaintiff First State – Americus in the amount of $77,170.00. Contemporaneous with this promissory note, Enterprises also executed a Security Agreement using a FAA form that granted Plaintiff First State - Americus a security interest in the airplane to secure its loan. Defendant Hall signed both of these documents

on behalf of Enterprises. That same day, Plaintiff First State – Americus wired $77,000.00 to Defendant Aero-Space to fund Enterprise's purchase of the airplane.

-165-

On March 10, 2004, Plaintiff First State - Americus sent the security agreement to Defendant Aero-Space for filing with the FAA.

-166-

Aero-Space filed Plaintiff First State – Americus' security agreement with the FAA and it was recorded on or about April 12, 2004.

-167-

On October 4, 2005, Defendant Hall or someone acting in concert with him filed an aircraft bill of sale with the FAA recording Enterprise's September 24, 2004 sale of the aircraft.

-168-

Defendant Hall forged the signature of Scott Ivey, Plaintiff First State – Americus' city president, and on February 6, 2008, filed the forged release with the FAA. As a result, Plaintiff First State - Americus lost its position as senior lien holder on this aircraft.

-169-

On June 22, 2009, Enterprises, acting through Defendant Hall, executed a renewal promissory note in the amount of $62,850.00 subject to the earlier filed security agreement. No one informed Plaintiff First State – Americus that the lien had been released.

Enterprise defaulted on Plaintiff First State - Americus' loan, and on September 30, 2009, Enterprise filed a complaint for a chapter 7 bankruptcy in the Middle District of Georgia, Albany Division.

Plaintiff First State - Americus has suffered an economic injury through Enterprises' default as well as the loss of its position as senior lien holder and the resulting loss of the value of its collateral.

### Airplane No. N3726Q

Plaintiff First State – Americus financed the purchase of an airplane with the FAA identification number of N3726Q for Enterprises with a loan in the principal amount of $49,170.00.

On April 5, 2006, Aero-Space sent a facsimile transmission to Defendant Hall and Plaintiff First State - Americus indicating, inter alia, that it had the documentation necessary to transfer clear title to Enterprises upon the receipt of a wire transfer of $49,000.00 for the purchase price and that "the undersigned Escrow Agent has duly checked the FAA's listing of indices under the described/referenced collateral and hereby certifies that there are no pending documents filed with the FAA under the description as stated." This document was signed by Defendant Price on behalf of Aero-Space.

In exchange for the loan, on April 5, 2006, Enterprises executed a promissory note payable to Plaintiff First State – Americus in the amount of $49,170.00. Contemporaneous with this promissory note, Enterprises also executed a Security Agreement using a FAA form that granted Plaintiff First State – Americus a security interest in the airplane to secure its loan. Defendant Hall signed both of these documents on behalf of Enterprises. On April 6, 2006, Plaintiff First State - Americus wired $49,000.00 to Defendant Aero-Space to fund Enterprise's purchase of the airplane.

On April 6, 2006, Plaintiff First State – Americus sent the security agreement to Defendant Aero-Space for filing with the FAA.

Aero-Space filed Plaintiff First State – Americus' security agreement with the FAA and it was recorded on or about May 16, 2006.

Defendant Hall forged the signature of Scott Ivey, Plaintiff First State – Americus' city president, and on June 17, 2009, filed the forged release with the FAA. As a result, Plaintiff First State - Americus lost its position as senior lien holder on this aircraft.

On June 24, 2009, Enterprises, acting through Defendant Hall, entered into a security agreement on the same airplane to secure a loan from SB&T. Upon information and belief, on July 1, 2009, Defendant Aero-Space filed SB&T's security agreement with the FAA, and on July 17, 2009, the FAA recorded the security agreement.

Enterprise defaulted on Plaintiff First State - Americus' loan, and on September 30, 2009, Enterprise filed a complaint for a chapter 7 bankruptcy in the Middle District of Georgia, Albany Division.

Plaintiff First State - Americus has suffered an economic injury through Enterprises' default as well as through the loss of its position as senior lien holder and the resulting loss of the value of its collateral.

## Airplane No. N4612P

Plaintiff First State – Americus financed the purchase of an airplane with the FAA identification number of N4612P for Enterprises with a loan in the principal amount of $80,170.00.

On February 23, 2005, Aero-Space sent a facsimile transmission to Defendant Hall and Plaintiff First State – Americus indicating, inter alia, that it had the documentation necessary to transfer clear title to Enterprises upon the receipt of a wire transfer of $80,000.00 for the purchase price and that "the undersigned Escrow Agent has duly checked the FAA's listing of indices under the described/referenced collateral and hereby certifies that there are no pending documents filed with the FAA under the description as stated." This document was signed by Defendant Price on behalf of Aero-Space.

In exchange for the loan, on February 24, 2005, Enterprises executed a promissory note payable to Plaintiff First State – Americus in the amount of $80,170.00. Contemporaneous with this promissory note, Enterprises also executed a Security Agreement using a FAA form that granted Plaintiff First State – Americus a security interest in the airplane to secure its loan. Defendant Hall signed both of these documents on behalf of Enterprises. That same day, Plaintiff First State - Americus wired $80,000 to Defendant Aero-Space to fund Enterprise's purchase of the airplane.

On February 24, 2005, Plaintiff First State - Americus sent the security agreement to Defendant Aero-Space for filing with the FAA.

Aero-Space filed Plaintiff First State – Americus' security agreement with the FAA and it was recorded on or about March 8, 2005.

On May 8, 2009, Enterprises, acting through Defendant Hall, executed a renewal promissory note with Plaintiff First State – Americus in the amount of $68,650.00 subject to the earlier filed security agreement.

Defendant Hall forged the signature of Scott Ivey, Plaintiff First State – Americus' city president, and on May 27, 2009, filed the forged release with the FAA. As a result, Plaintiff First State - Americus lost its position as senior lien holder on this aircraft.

Defendant Hall approached Plaintiff Bank of Terrell about financing the purchase of this aircraft, this time by Southern Aircraft.

On May 27, 2009, Aero-Space sent a facsimile transmission to Defendant Hall and Plaintiff Bank of Terrell indicating, inter alia, that it had the documentation necessary to transfer clear title to Southern Aircraft upon the receipt of a wire transfer of $52,000.00 for the purchase price and that "the undersigned Escrow Agent has duly checked the FAA's listing of indices under the described/referenced collateral and hereby certifies that there are no pending documents filed with the FAA under the description as stated." This document was signed by Defendant Price on behalf of Aero-Space.

On May 28, 2009, Southern Aircraft, acting through Defendant Hall, entered into a security agreement on the same airplane to secure a loan in the amount of $52,175.00 from Plaintiff Bank of Terrell to finance the purchase of the airplane from Enterprises. That same day, Plaintiff Bank of Terrell wired $52,000.00 to Defendant Aero-Space. On June 8, 2009, Defendant Aero-Space filed Plaintiff Bank of Terrell's security agreement with the FAA, and on June 10, 2009, the FAA recorded the security agreement.

Enterprise defaulted on Plaintiff First State - Americus' loan and Southern Aircraft defaulted on Plaintiff Bank of Terrell's loan. On September 30, 2009, Enterprise and Southern Aircraft filed complaints for a Chapter 7 bankruptcy in the Middle District of Georgia, Albany Division.

Plaintiff First State – Americus and Plaintiff Bank of Terrell have suffered economic loss through the defaults of Enterprise and Southern Aircraft, and Plaintiff First State - Americus has suffered an economic injury through the loss of its position as senior lien holder and the resulting loss of the value of its collateral.

## Airplane No. N25813

Plaintiff First State – Americus financed the purchase of an airplane with the FAA identification number of N25813 for Southern Aircraft with a loan in the principal amount of $47,150.00.

On January 3, 2008, Aero-Space sent a facsimile transmission to Defendant Hall and Plaintiff First State – Americus indicating, inter alia, that it had the documentation necessary to transfer clear title to Southern Aircraft upon the receipt of a wire transfer of $47,000.00 for the purchase price and that "the undersigned Escrow Agent has duly checked the FAA's listing of indices under the described/referenced collateral and hereby certifies that there are no pending documents filed with the FAA under the description as stated." This document was signed by Defendant Price on behalf of Aero-Space.

In exchange for the loan, on January 4, 2008, Southern Aircraft executed a promissory note payable to Plaintiff First State – Americus in the amount of $47,150.00. Contemporaneous with this promissory note, Southern Aircraft also executed a Security Agreement using a FAA form that granted Plaintiff First State – Americus a security

interest in the airplane to secure its loan. Defendant Hall signed both of these documents on behalf of Southern Aircraft. That same day, Plaintiff First State - Americus wired $47,000.00 to Defendant Aero-Space to fund Southern Aircraft's purchase of the airplane.

-196-

On January 4, 2008, Plaintiff First State – Americus sent the security agreement to Defendant Aero-Space for filing with the FAA.

-197-

Aero-Space filed Plaintiff First State – Americus' security agreement with the FAA and it was recorded on or about June 26, 2008.

-198-

Defendant Hall forged the signature of Scott Ivey, Plaintiff First State – Americus' city president, and on November 10, 2008, filed the forged release with the FAA. As a result, Plaintiff First State - Americus lost its position as senior lien holder on this aircraft.

-199-

On or about November 12, 2008, Southern Aircraft requested the de-registration of the aircraft for export to Canada, and the FAA de-registered the aircraft on the same day.

-200-

On February 5, 2009, Southern Aircraft, acting through Defendant Hall, executed a renewal promissory note with Plaintiff First State – Americus in the amount of $44,750.00 subject to the earlier filed security agreement.

Southern Aircraft defaulted on Plaintiff First State - Americus' loan, and on September 30, 2009, Southern Aircraft filed a complaint for a chapter 7 bankruptcy in the Middle District of Georgia, Albany Division.

Plaintiff First State – Americus has suffered an economic injury through Southern Aircraft's default and the loss of its position as senior lien holder and the resulting loss of the value of its collateral.

### Airplane No. N49221

Plaintiff First State – Americus financed the purchase of an airplane with the FAA identification number of N49221 for Southern Aircraft with a loan in the principal amount of $47,150.00.

On January 10, 2008, Aero-Space sent a facsimile transmission to Defendant Hall and Plaintiff First State – Americus indicating, inter alia, that it had the documentation necessary to transfer clear title to Southern Aircraft upon the receipt of a wire transfer of $47,000.00 for the purchase price and that "the undersigned Escrow Agent has duly checked the FAA's listing of indices under the described/referenced collateral and hereby certifies that there are no pending documents filed with the FAA under the description as stated." This document was signed by Defendant Price on behalf of Aero-Space.

In exchange for the loan, on January 11, 2008, Southern Aircraft executed a promissory note payable to Plaintiff First State – Americus in the amount of $47,150.00. Contemporaneous with this promissory note, Southern Aircraft also executed a Security Agreement using a FAA form that granted Plaintiff First State – Americus a security interest in the airplane to secure its loan. Defendant Hall signed both of these documents on behalf of Southern Aircraft. That same day, Plaintiff First State -Americus wired $47,000.00 to Defendant Aero-Space to fund Southern Aircraft's purchase of the airplane.

On January 11, 2008, Plaintiff First State – Americus sent the security agreement to Defendant Aero-Space for filing with the FAA.

Aero-Space filed Plaintiff First State – Americus' security agreement with the FAA and it was recorded on or about May 21, 2008.

Defendant Hall forged the signature of Scott Ivey, Plaintiff First State – Americus' city president, and on September 26, 2008, filed the forged release with the FAA. As a result, Plaintiff First State - Americus lost its position as senior lien holder on this aircraft.

On or about September 26, 2008, Southern Aircraft requested the de-registration of the aircraft for export to New Zealand, and the FAA de-registered the aircraft on September 29, 2008.

On February 18, 2009, Southern Aircraft, acting through Defendant Hall, executed a renewal promissory note with Plaintiff First State – Americus in the amount of $44,800.00 subject to the earlier filed security agreement.

Southern Aircraft defaulted on Plaintiff First State - Americus' loan, and on September 30, 2009, Southern Aircraft filed a complaint for a chapter 7 bankruptcy in the Middle District of Georgia, Albany Division.

Plaintiff First State - Americus has suffered an economic injury through the default of Southern Aircraft and the loss of its position as senior lien holder and resulting loss of the value of its collateral.

## Airplane No. N67824

Plaintiff First State – Americus financed the purchase of an airplane with the FAA identification number of N67824 for Enterprises with a loan in the principal amount of $46,150.00.

On or about February 4, 2008, Aero-Space sent a facsimile transmission to Defendant Hall and Plaintiff First State – Americus indicating, inter alia, that it had the documentation necessary to transfer clear title to Enterprises upon the receipt of a wire transfer of $46,000.00 for the purchase price and that "the undersigned Escrow Agent has duly checked the FAA's listing of indices under the described/referenced collateral and

hereby certifies that there are no pending documents filed with the FAA under the description as stated." This document was signed by Defendant Price on behalf of Aero-Space.

-215-

In exchange for the loan, on February 4, 2008, Enterprises executed a promissory note payable to Plaintiff First State – Americus in the amount of $46,150.00. Contemporaneous with this promissory note, Enterprises also executed a Security Agreement using a FAA form that granted Plaintiff First State – Americus a security interest in the airplane to secure its loan. Defendant Hall signed both of these documents on behalf of Enterprises. That same day, Plaintiff First State – Americus wired $46,000.00 to Defendant Aero-Space to fund Enterprise's purchase of the airplane.

-216-

On February 5, 2008, Plaintiff First State – Americus sent the security agreement to Defendant Aero-Space for filing with the FAA.

-217-

Aero-Space filed Plaintiff First State – Americus' security agreement with the FAA and it was recorded on or about March 6, 2008.

-218-

On March 4, 2009, Enterprises, acting through Defendant Hall, executed a renewal promissory note with Plaintiff First State – Americus in the amount of $43,850.00 subject to the earlier filed security agreement.

Defendant Hall forged the signature of Scott Ivey, Plaintiff First State – Americus' city president, and on April 23, 2009, filed the forged release with the FAA. As a result, Plaintiff First State - Americus lost its position as senior lien holder on this aircraft.

On May 15, 2009, Enterprises, acting through Defendant Hall, entered into a security agreement on the same airplane to secure a loan in the amount of $600,500.00 from Flint River National Bank.

Defendant Hall approached Plaintiff Bank of Dawson about financing the purchase of the same airplane, this time by Enterprises.

On or about June 1, 2009, Aero-Space sent a facsimile transmission to Defendant Hall and Plaintiff Bank of Dawson indicating, inter alia, that it had the documentation necessary to transfer clear title to Enterprises upon the receipt of a wire transfer of $46,000.00 for the purchase price and that "the undersigned Escrow Agent has duly checked the FAA's listing of indices under the described/referenced collateral and hereby certifies that there are no pending documents filed with the FAA under the description as stated." This document was signed by Defendant Price on behalf of Aero-Space.

On June 2, 2009, Enterprises, acting through Defendant Hall, entered into a security agreement on the same airplane to secure a loan in the amount of $46,144.50 from Plaintiff Bank of Dawson. That day, Plaintiff Bank of Dawson wired $46,000.00 to

Defendant Aero-Space. Defendant Aero-Space filed Plaintiff Bank of Dawson's security agreement with the FAA on June 17, 2009, and on June 30, 2009, the FAA recorded the Bank of Dawson's security agreement.

-224-

Upon information and belief, on June 8, 2009, Defendant Aero-Space filed Flint River Bank's security agreement with the FAA on August 26, 2009, and on September 4, 2009, the FAA recorded the security agreement.

-225-

Enterprise defaulted on Plaintiff First State - Americus' loan, and on September 30, 2009, Enterprise filed a complaint for a chapter 7 bankruptcy in the Middle District of Georgia, Albany Division.

-226-

Plaintiff Bank of Dawson and Plaintiff First State – Americus have suffered economic loss through default of Enterprise, and Plaintiff First State – Americus has suffered an economic injury through the loss of its position as senior lien holder and the resulting loss of the value of its collateral.

-227-

### Airplane No. N89764

Plaintiff First State – Americus financed the purchase of an airplane with the FAA identification number of N89764 for Southern Aircraft with a loan in the principal amount of $33,150.00.

On or about April 17, 2008, Aero-Space sent a facsimile transmission to Defendant Hall and Plaintiff First State – Americus indicating, inter alia, that it had the documentation necessary to transfer clear title to Southern Aircraft upon the receipt of a wire transfer of $33,000.00 for the purchase price and that "the undersigned Escrow Agent has duly checked the FAA's listing of indices under the described/referenced collateral and hereby certifies that there are no pending documents filed with the FAA under the description as stated." This document was signed by Defendant Price on behalf of Aero-Space.

In exchange for the loan, on April 17, 2008, Southern Aircraft executed a promissory note payable to Plaintiff First State – Americus in the amount of $33,150.00. Contemporaneous with this promissory note, Southern Aircraft also executed a Security Agreement using a FAA form that granted Plaintiff First State – Americus a security interest in the airplane to secure its loan. Defendant Hall signed both of these documents on behalf of Southern Aircraft.

On April 17, 2008, Plaintiff First State - Americus sent the security agreement to Defendant Aero-Space for filing with the FAA.

On April 18, 2008, Plaintiff First State - Americus wired $33,000.00 to Defendant Aero-Space to fund Enterprise's purchase of the airplane.

Aero-Space filed Plaintiff First State – Americus' security agreement with the FAA and it was recorded on or about July 15, 2008.

Defendant Hall forged the signature of Scott Ivey, Plaintiff First State – Americus' city president, and on September 26, 2008, filed the forged release with the FAA. As a result, Plaintiff First State - Americus lost its position as senior lien holder on this aircraft.

On May 26, 2009, Southern Aircraft, acting through Defendant Hall, executed a renewal promissory note with Plaintiff First State – Americus in the amount of $31,500.00 subject to the earlier filed security agreement.

Defendant Hall approached Plaintiff Bank of Terrell about financing the purchase of the same airplane, this time by Southern Aircraft.

On or about August 12, 2009, Aero-Space sent a facsimile transmission to Defendant Hall and Plaintiff Bank of Terrell indicating, inter alia, that it had the documentation necessary to transfer clear title to Southern Aircraft upon the receipt of a wire transfer of $41,000.00 for the purchase price and that "the undersigned Escrow Agent has duly checked the FAA's listing of indices under the described/referenced collateral and hereby certifies that there are no pending documents filed with the FAA under the description as stated." This document was signed by Defendant Price on behalf of Aero-Space.

On August 13, 2009, Southern Aircraft, acting through Defendant Hall, entered into a security agreement on the same airplane to secure a loan in the amount of $41,150.00 from Plaintiff Bank of Terrell. That day, Plaintiff Bank of Terrell wired $41,000.00 to Defendant Aero-Space.

Defendant Aero-Space filed Bank of Terrell's security agreement with the FAA on August 21, 2009, and it was recorded on September 1, 2009.

Southern Aircraft defaulted on Plaintiff First State - Americus' loan, and on September 30, 2009, Southern Aircraft filed a complaint for a chapter 7 bankruptcy in the Middle District of Georgia, Albany Division.

Plaintiff First State – Americus and Plaintiff Bank of Terrell have suffered economic loss through the default of Southern Aircraft, and Plaintiff First State - Americus has suffered an economic injury through the loss of its position as senior lien holder and the resulting loss of the value of its collateral.

### Airplane number N3729Z

Plaintiff First State - Americus financed the purchase of an airplane with the FAA identification number of N3729Z for Southern Aircraft with a loan in the principal amount of $47,150.00.

On April 6, 2009, Aero-Space sent a facsimile transmission to Defendant Hall and Plaintiff First State - Americus indicating, inter alia, that it had the documentation necessary to transfer clear title to Southern Aircraft upon the receipt of a wire transfer of $47,000.00 for the purchase price and that "the undersigned Escrow Agent has duly checked the FAA's listing of indices under the described/referenced collateral and hereby certifies that there are no pending documents filed with the FAA under the description as stated." This document was signed by Defendant Price on behalf of Aero-Space.

In exchange for the loan, on April 7, 2009, Southern Aircraft executed a promissory note payable to Plaintiff First State - Americus. Contemporaneous with this promissory note, Southern Aircraft also executed a Security Agreement that granted Plaintiff Bank of Dawson a security interest in the airplane to secure its loan. Defendant Hall signed both of these documents on behalf of Southern Aircraft. That same day, Plaintiff First State -Americus wired $47,000.00 to Aero-Space to fund Enterprise's purchase of the airplane.

On April 7, 2009, Plaintiff First State - Americus sent its security agreement to Aero-Space for filing with the FAA.

Aero-Space did not file the security agreement with the FAA until August 28, 2009. As a result, Plaintiff First State – Americus lost its position as senior lien holder on this aircraft.

In the interim, Defendant Hall approached Plaintiff Bank of Terrell about financing on the same airplane.

On July 28, 2009, Aero-Space sent a facsimile transmission to Defendant Hall and Plaintiff Bank of Terrell indicating, inter alia, that it had the documentation necessary to transfer clear title on the same airplane to Southern Aircraft upon the receipt of a wire transfer of $28,000.00 for the purchase price and that "the undersigned Escrow Agent has duly checked the FAA's listing of indices under the described/referenced collateral and hereby certifies that there are no pending documents filed with the FAA under the description as stated." This document was signed by Defendant Price on behalf of Aero-Space.

On July 29, 2009, Southern Aircraft, acting through Defendant Hall, executed a security agreement on the same airplane to secure a loan in the amount of $28,150.00 from Plaintiff Bank of Terrell, and Plaintiff Bank of Terrell wired $28,000.00 to Aero-Space. Plaintiff Bank of Terrell sent its security agreement to Defendants Price and Aero-Space for filing with the FAA, and on August 4, 2009, Defendant Aero-Space filed its security agreement with the FAA. Defendant Aero-Space refilled the security agreement with the FAA on August 21, 2009, and it was recorded on August 31, 2009.

Southern Aircraft defaulted on Plaintiff First State – Americus' loan and Plaintiff Bank of Terrell's loan, and on September 30, 2009, Southern Aircraft filed a complaint for a Chapter 7 bankruptcy in the Middle District of Georgia, Albany Division.

Plaintiff First State – Americus and Plaintiff Bank of Terrell have suffered economic injury through the default of Southern Aircraft, and Plaintiff Southern Aircraft has suffered an economic injury through the loss of its position as senior lien holder and the resulting loss of the value of its collateral.

## The Remaining Transactions

Ultimately, Plaintiff Bank of Dawson made loans to Enterprises and Southern Aircraft on 17 airplanes believing itself to be in the position of senior lien holder, and Enterprises and Southern Aircraft have defaulted on all these loans. Defendant did not inform this Plaintiff of any of the transactions Defendant Hall engaged in with other banks on the airplanes for which this Plaintiff made loans to Enterprises and/or Southern Aircraft. Plaintiff Bank of Dawson ultimately secured the position of senior lien holder on seven of these aircraft but will face a shortfall on the repayment of its loans after the sale of the collateral. Defendant Sid Hall executed personal guarantees for all these notes.

Ultimately, Plaintiff Bank of Terrell made loans to Enterprises and Southern Aircraft on nine airplanes believing itself to be in the position of senior lien holder, and Enterprises and Southern Aircraft have defaulted on all these loans. Defendant did not

inform this Plaintiff of any of the transactions Defendant Hall engaged in with other banks on the airplanes for which this Plaintiff made loans to Enterprises and/or Southern Aircraft. Plaintiff Bank of Terrell ultimately secured the position of senior lien holder on eight of these aircraft but will face a shortfall on the repayment of its loans after the sale of the collateral. Defendant Sid Hall executed personal guarantees for all these notes.

-253-

Ultimately, Plaintiff First State – Americus made loans to Enterprises and Southern Aircraft on 26 airplanes believing itself to be in the position of senior lien holder, and Enterprises and Southern Aircraft have defaulted on all these loans. Defendant did not inform this Plaintiff of any of the transactions Defendant Hall engaged in with other banks on the airplanes for which this Plaintiff made loans to Enterprises and/or Southern Aircraft. Plaintiff First State - Americus ultimately secured the position of senior lien holder on approximately 14 of these aircraft but will face a shortfall on the repayment of its loans after the sale of the collateral. Defendant Sid Hall executed personal guarantees for all these notes.

## CAUSES OF ACTION
## COUNT ONE
## Breach of Contract by Aero-Space

-254-

Plaintiffs hereby incorporate each and every allegation contained in the preceding paragraphs 1 through 253, as if same were expressly set forth herein.

-255-

Defendant Aero-Space failed to provide services consistent with its obligation to and agreement with Plaintiffs and with Southern Aircraft, Enterprise, and Defendant Hall,

including, but not limited to, its obligation to accurately report the status of encumbrances on the airplanes for which Southern Aircraft and Enterprises were obtaining financing and its obligation to file the security agreements it received from Plaintiffs with the FAA in a timely manner.

-256-

Defendant Aero-Space's breach of its contractual duties and obligations resulted in Plaintiffs agreeing to make loans to Southern Aircraft and Enterprises based upon an underrepresentation of the financial obligations of Southern Aircraft and Enterprises to other banks as well as the loss of the collateral that Plaintiffs believed secured their loans.

-257-

As a result, when Southern Aircraft and Enterprises defaulted on their loans, Plaintiffs suffered economic injury and are entitled to the recovery of damages for their losses.

WHEREFORE, Plaintiffs pray that the Court enter judgment against Defendant Aero-Space for damages in an amount to be proven at trial plus interest.

## COUNT TWO
## Defendants Aero-Space's and Price's Negligence

-258-

Plaintiffs hereby incorporate each and every allegation contained in the preceding paragraphs 1 through 257 as if same were expressly set forth herein.

In the alternative that Defendants Aero-Space and Price did not intentionally fail to file, or delay the filing of, Plaintiffs' security agreements in furtherance of an intentional scheme to defraud Plaintiffs. Defendants Aero-Space's and Price's actions were negligent.

-260-

This negligence resulted in Plaintiffs losing the collateral that Plaintiffs believed secured their loans.

-261-

As a result, when Southern Aircraft and Enterprises defaulted on their loans, Plaintiffs suffered economic injury and are entitled to the recovery of damages for their losses.

WHEREFORE, Plaintiffs prays that the Court, under this Count, enter judgment against Defendants Aero-Space and Price in damages in an amount to be proven at trial.

## COUNT THREE
### Fraud and Misrepresentation

-262-

Plaintiffs hereby incorporate each and every allegation contained in the preceding paragraphs 1 through 253 as if same were expressly set forth herein.

-263-

As set forth above in paragraphs 19 through 250, Defendants knowingly and willingly engaged in a series of transactions designed to hide the fact that Enterprise and Southern Aircraft were placing the same airplanes as collateral for multiple loans from different banks in amounts far exceeding the fair market value of the airplanes.

Defendant Hall manipulated the timing of the loan requests, and all Defendants manipulated the timing of the filing of the security agreements with the FAA so that Plaintiffs would not be aware that Defendant Hall's companies were obtaining multiple loans using the same airplane as collateral.

Defendants Aero-Space and Price handled all FAA inquiries and filings related to the security agreements in question and were aware that Defendant Hall had instituted the multiple transactions set forth herein and assisted the fraudulent scheme by failing to accurately report the status of Southern Aircraft's and Enterprises' transactions with other banks and the security agreements either filed or to be filed with the FAA and by either failing to file Plaintiffs' security agreements or by intentionally delaying the filing of the security agreements.

Defendants intentionally misrepresented to Plaintiffs that they would be the senior lien holders on the airplanes in questions or intentionally withheld material information that would have alerted Plaintiffs that Southern Aircraft and Enterprises were engaging in transactions with multiple banks involving the same aircraft. Defendants misrepresented the financial status of Southern Aircraft and Enterprises, and Defendants also withheld material information that would have alerted Plaintiffs to the dismal financial status of Enterprises and Southern Aircraft.

Defendants' material misrepresentations induced Plaintiffs into loaning money to Southern Aircraft and Enterprises and hid the fact that Plaintiffs might not be able to secure senior lien holder status or otherwise obtain secure payment for their loans in the event of a default, and Defendant Hall and the companies he controlled employed these funds to further their private interests. At a minimum, Defendant Aero-Space received money in the form of fees from Defendant Hall for its participation in the fraud scheme outlined herein.

Plaintiffs reasonably relied upon said fraudulent misrepresentations and omissions by Defendants, have been injured by Defendants' fraud and false and fraudulent misrepresentations and omissions, and have suffered economic loss as a result.

WHEREFORE, Plaintiffs Bank of Dawson and First State – Americus pray that the Court, under this Count, enter judgment against Defendants in that amount of damages to be proven at trial, plus punitive damages, and attorneys' fees, as well as costs and expenses of investigation and litigation reasonably incurred. Plaintiff First State – Americus does not state a claim against Defendant Hall in this lawsuit, but prays that this Court, under this count, enter judgment against Defendants Aero-Space and Price for the same damages and recovery set forth in the sentence immediately preceding.

## COUNT FOUR
## Negligent Misrepresentation

-269-

Plaintiffs hereby incorporate each and every allegation contained in the preceding paragraphs 1 through 268 as if same were expressly set forth herein.

-270-

In the alternative that the actions of Defendants set forth in Count Three above were not intentional, said misrepresentations and omissions were negligent.

-271-

Plaintiffs reasonably relied upon said negligent misrepresentations and omissions by Defendants, have been injured by Defendants' negligent misrepresentations and omissions and have suffered economic loss as a result.

WHEREFORE, Plaintiffs Bank of Dawson and Bank of Terrell pray that the Court, under this Count, enter judgment against Defendants in that amount of damages to be proven at trial. Plaintiff First State – Americus does not state a claim against Defendant Sid Hall, but prays that this Court, under this count, enter judgment against Defendants Aero-Space and Price for the same damages and recovery set forth in the sentence immediately preceding.

## COUNT FIVE
## Breach of Fiduciary Duties of Aero-Space and Price

-272-

Plaintiffs hereby incorporate each and every allegation contained in the preceding paragraphs 1 through 271 as if same were expressly set forth herein.

At all times material, Defendant Aero-Space and Price provided services as a fiduciary to consummate Enterprise's and Southern Aircraft's purchase of the airplanes in question, including the acceptance and disbursal of funds received from Plaintiffs. As such, Defendant Aero-Space and Price owed a fiduciary duty to Plaintiffs to accurately report information that they knew would be material to the decision of Plaintiffs to lend money to Enterprises and Southern Aircraft on the airplanes in question.

Defendant Aero-Space and Price breached their fiduciary duty to Plaintiffs' by failing to accurately report to Plaintiffs the status of Enterprises' and Southern Aircrafts' loans and security interests with other banks on the same aircraft and by failing to file Plaintiffs' security agreements in a timely manner to accomplish the undertaking to which Defendant Aero-Space agreed. Defendant Aero-Space and Price also breached their fiduciary duty by knowingly misappropriating funds received from Plaintiffs.

Contrary to the best interests of Plaintiffs, and in contravention of Defendant Aero-Space's and Defendant Price's fiduciary obligations, Defendant Aero-Space and Defendant Price participated in the series of transactions outlined herein to the substantial detriment and financial loss of Plaintiffs.

As a result of these Defendant Aero-Space's and Defendant Price's breaches of their fiduciary duties, Plaintiffs have suffered economic loss.

WHEREFORE, Plaintiffs pray that the Court, under this Count, enter judgment against Defendant Aero-Space and Defendant Price, in an amount to be proven at trial, plus punitive damages.

## COUNT SIX
## Georgia and Federal Racketeer Influenced and Corrupt Organizations Act

### -277-

Plaintiffs hereby incorporate each and every allegation contained in the preceding paragraphs 1 through 276 as if same were expressly set forth herein.

### -278-

The actions of the Defendants constitute a pattern of racketeering activity, whereby such actions benefit the Defendants' acquisition and control of the real property, money, and other assets of the Plaintiffs, all in violation of both federal law and O.C.G.A. § 16-14-4, et seq.

### -279-

In carrying out the racketeering activities of the enterprise in which Defendants were engaged, Defendants, and each of them conspired with one another, and knowingly contributed their efforts in furtherance of this conspiracy to carry out the racketeering activities of Defendants and the enterprise described herein in violation of subsections (a) and (b) of O.C.G.A. § 16-14-4, et seq.

### -280-

As a result of these prohibited activities and/or omissions by the Defendants, Plaintiffs have been damaged and Plaintiffs are entitled to bring a cause of action for available simple remedies, pursuant to both federal law and O.C.G.A. § 16-14-6.

Pursuant to said Code Section, Plaintiffs are entitled to damages three (3) times the actual damages, punitive damages, and attorneys' fees, as well as costs and expenses of investigation and litigation reasonably incurred.

WHEREFORE, Plaintiffs Bank of Dawson and Bank of Terrell pray that the Court, under this Count, enter judgment against Defendants for the items set forth in the paragraph immediately preceding, in an amount to be proven at trial. Plaintiff First State – Americus does not state a claim against Defendant Hall, but prays that this Court, under this count, enter judgment against Defendants Aero-Space and Hall for the same damages and recovery set forth in the sentence immediately preceding.

## COUNT SEVEN
### Conversion and Misappropriation

-282-

Plaintiffs hereby incorporate each and every allegation contained in preceding paragraphs 1 through 281 as if same were expressly set forth herein.

-283-

Defendants have converted and/or misappropriated funds belonging to Plaintiffs.

WHEREFORE, Plaintiffs Bank of Dawson and Bank of Terrell pray that the Court, under this Count, enter judgment against Defendants for the items set forth in the paragraph immediately preceding, in an amount to be proven at trial. Plaintiff First State – Americus does not state a claim against Defendant Hall, but prays that this Court, under this count, enter judgment against Defendants Aero-Space and Hall for the same damages and recovery set forth in the sentence immediately preceding.

## COUNT EIGHT
## Guarantee by Sid Hall

### -284-

Plaintiffs hereby incorporate each and every allegation contained in preceding paragraphs 1 through 253 as if same were expressly set forth herein.

### -285-

Defendant Sid Hall signed personal guarantees for the loans identified in this Complaint and is liable for the balances due on the loans.

WHEREFORE, Plaintiffs Bank of Dawson and Bank of Terrell pray that the Court, under this Count, enter judgment in an amount to be proven at trial, plus interest and attorney's fees and the costs of this action.

## COUNT NINE
## Bad Faith and Stubborn Litigiousness

### -286-

Plaintiffs hereby incorporate each and every allegation contained in preceding paragraphs 1 through 285 as if same were expressly set forth herein.

### -287-

Defendants have acted in bad faith, have caused Plaintiffs unnecessary trouble and expense, and have been stubbornly litigious.

### -288-

Therefore, Plaintiffs are entitled to recover his expenses of litigation, including attorneys' fees and other costs.

WHEREFORE, Plaintiffs renew the prayers of each of the foregoing causes of action and further prays the Court:

(a)     Pursuant to O.C.G.A. § 51-12-5.1, to enter judgment for punitive damages against the Defendants, and each of them, for each of their acts which constitute willful misconduct, malice, fraud, wantonness, oppression, and an entire want of care and which show a conscious indifference to the consequences of their actions and in an amount sufficient to deter, penalize, and punish the Defendants, in light of the circumstances of this case;

(b)     Cast the costs of this proceeding upon Defendants; and

(c)     Enter such further relief as is just and proper.

This 10th day of September, 2010.

LANGLEY & LEE, LLC
Attorneys for Plaintiff

**WILLIAM W. CALHOUN**
State Bar No. 103920

**JOSEPH P. DURHAM, JR.**
State Bar No.: 235524
P.O. Box 607
Albany, Georgia 31702-0607
(229) 431-3036